## Edwin B. Holmes Plumbing & Heating, Inc., v. Wingate Construction Co., Inc.

*Herman J. Obert*, for plaintiff.

*Sigmund H. Steinberg*, for defendant.

GRIFFITHS, J., May 3, 1960.—This matter came before the court on plaintiff's petition and a rule on defendant to show cause why a preliminary injunction should not issue restraining defendant from proceeding with arbitration of a dispute pursuant to the relevant clause in a contract between the parties.

The events leading up to this action are as follows:

On or about September 3, 1959, the parties entered into the contract under consideration, wherein plaintiff, as a subcontractor of a certain construction job, agreed, inter alia, to provide labor and materials, including pipe, piping systems and mechanical equip-

ment as shown on a master plan of the construction job. Thereafter a dispute arose between the parties as to what items were included under the term "mechanical equipment". Plaintiff takes the position that the parties agreed it should apply only to valves and small equipment such as solenoids incident to the installation of two-inch pipe, since he was required to furnish any pipe or related fittings having a diameter over two inches. On the other hand, defendant contends that the term "mechanical equipment" refers to all items included as such on the master plan; he further denies the existence of any collateral oral agreement limiting the meaning.

When it became apparent that the parties could not adjust their differences, defendant sought to have the matter arbitrated pursuant to paragraph 20 of the contract which reads as follows:

"It is agreed that any controversy or claim arising out of, or relating to, this contract, or the breach thereof, shall be submitted to arbitration under the Commercial Arbitration Rules of the American Arbitration Association; that said controversy be submitted to three arbitrators selected from the panels of arbitrators of the American Arbitration Association; that the award rendered shall be final and binding on the parties; and that judgment upon the award so rendered may be entered in any court having jurisdiction thereof."

On January 19, 1960, defendant filed a formal demand for arbitration with the American Arbitration Association in which it alleged, inter alia, that plaintiff refused to install mechanical equipment according to the terms of the contract.

Plaintiff filed an answering statement to the demand for arbitration of which paragraph 1 reads as follows:

"Holmes (plaintiff) has never refused to install the mechanical equipment required to be installed under its agreement with Wingate. Wingate, contrary to the terms of the agreement and the understanding of the parties now demands by Holmes the installation of equipment not within the scope of the agreement of the parties."

Plaintiff further alleges that only after it filed its answer did it fully realize the scope of the proposed arbitration and now seeks by this action to stay the arbitration proceedings until the contract is reformed in accordance with plaintiff's understanding of it.

From the foregoing it is seen that the parties entered into a contract and although plaintiff alleges defendant's statements concerning the scope of the term "mechanical equipment" were fraudulently made, there appears no allegation that fraud surrounded the agreement to the arbitration clause.

Thereafter, when the dispute in question first arose, plaintiff agreed to arbitrate the matter, as is evidenced by its filing an answer to defendant's demand for arbitration.

We are now asked to enjoin these proposed arbitration hearings and reform the contract in accordance with plaintiff's position because of the (1) alleged fraud, and (2) that unless the requested relief is granted, plaintiff will suffer irreparable loss.

We do not believe either of these reasons are sufficient. We will discuss these points ad seriatum.

Plaintiff's allegation of fraud gives rise to a dispute that we believe falls within the purview of the arbitration clause hereinbefore set forth in that it is a controversy arising out of or relating to the contract. In Robert Lawrence Co. v. Devonshire Fabrics, Inc., 271 F. 2d 402, 411-12 (2nd Cir., 1959), the court stated, in rejecting an argument that an allegation

of fraud in the inducement should not be the proper subject matter of arbitration:

"What is the proper construction and interpretation of the arbitration clause? Did the parties intend the arbitration proceedings to encompass a charge of fraud in the inducement . . . ? We think it is clear that the parties did just that. It would be hard to imagine an arbitration clause having greater scope than the one before us. Certainly fraud in the inducement is a 'complaint, controversy or question which may arise with respect to this contract that cannot be settled by the parties thereto.' And we fail to perceive any rational basis for thinking that the issue is of such a character that only the courts can resolve it. We think that the charge of fraud in the inducement comes squarely within the phraseology of this particular agreement and that nothing short of a renascence of the old judicial hostility to arbitration could evolve a contrary ruling."

While this case is not binding upon us in that it is in a different jurisdiction and dealt with the United States Arbitration Act, we find it most persuasive in that the arbitration clause of the contract there under consideration is not significantly different from the one in the instant case.

Furthermore, we think it improper to permit a party to a contract to assail arbitration after having previously agreed to it. On this point we are not impressed with plaintiff's statement that he did not realize the scope of the proposed arbitration when he filed his answer, the wording of which leads us to a contrary conclusion.

Considering now plaintiff's second point, there is nothing in its complaint to indicate how or in what manner plaintiff would be irreparably harmed if the dispute were permitted to go to arbitration. It will

have an opportunity to advance all the arguments here presented before arbitrators, including the question of fraud in the inducement of the contract.

We therefore discharged the rule to show cause why a preliminary injunction should not be granted.